**08 CV 01812**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ANDREW    BARRON    WORDEN    and    BARRON
PARTNERS LP,

                            Plaintiffs,

              -against-

RICHARD N. BELL , COHEN & MALAD LLP,
And DOES 1-5

                     Defendants.

------------------------------------------------------------------------X

RECEIVED

FEB 22 2008

CIVIL ACTION NUMBER:

U.S.D.C. S.D. N.Y.
CASHIER

**NOTICE OF REMOVAL**

Defendants, RICHARD N. BELL and COHEN & MALAD LLP, (collectively "C&M"
unless otherwise noted) by and through their attorneys Rivkin Radler LLP, file this Notice to
Remove the above captioned matter to the United States District Court for the Southern District
of New York, for the reasons as set forth below:

1. C&M are defendants in this civil action, filed on or about January 30, 2008, in the
Supreme Court of the State of New York, County of New York. Pursuant to provisions of
Sections 1441 and 1446 of Title 28 of the United States Code, Defendants remove this action to
the United States District Court for the Southern District of New York, which is the judicial
district in which the action is pending.

2.      This action alleges a claim for monetary damages allegedly sustained by the
plaintiffs as a result of purported defamation by the defendants while performing an investigation
conducted on behalf of their clients in connection with litigation now pending in the Hamilton
County Circuit Court for the State of Indiana.

3.     Plaintiffs allege that they were, at the time of the commencement of the action and still are, citizens and residents of the State of New York. Specifically it is alleged that plaintiff, Barron Partners LP, was and still is a limited partnership duly organized and existing under the laws of the Delaware and having its principle place of business in the State of New York. Plaintiff Andrew Barron Worden is alleged to be a resident of the County of New York and State of New York.

4.     Defendant, C&M is a limited liability partnership duly formed and existing under the laws of the State of Indiana, having its principal place of business in the State of Indiana.

5.     Defendant Richard N. Bell is a resident and citizen of the state of Indiana.

6.     There is, therefore, complete diversity of citizenship between plaintiffs and defendants.

7.     The plaintiffs' complaint alleges that they have been "injured in good name and reputation and have lost business and income" and that they are thereby entitled to a monetary award consisting of compensatory, exemplary and punitive damages. Plaintiffs have likewise pleaded that the action may be maintained in the Supreme Court of the State of New York because it exceeds the jurisdiction of all lower courts. Based upon these claims and allegations by plaintiffs, the defendants concede that the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, without conceding the value of plaintiffs' claims or any liability therefore.

8.    Removal of this action to the United States District Court is therefore proper under 28 U.S.C. § 1441(a), inasmuch as the United States District Court would have had original jurisdiction of this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

9.    This Notice of Removal is timely because it was filed in this court within 30 days after the receipt by defendants of a copy of plaintiffs' complaint in the action and within one year of the commencement of the action.

10.    Annexed hereto as Exhibit "A" is a true and accurate copy of the summons and complaint. Defendants' time to respond to the complaint has not yet expired, as plaintiffs have stipulated that the Defendants' time to respond is extended through March 19, 2008. See, Exhibit "B" hereto. Under New York State law, the stipulation is self-effectuating without requiring any Court application or endorsement.

WHEREFORE, the defendants, Richard N. Bell and Cohen & Malad LLP, request that the above-named action now pending against it in the Supreme Court for the State of New York, County of Suffolk be removed therefrom to the United States District Court for the Eastern District of New York.

Dated: Uniondale, New York
       February 21, 2008

                              Yours etc.,

                              RIVKIN RADLER LLP

                              By:
                              Shari Claire Lewis (SCL-0527)
                              Attorneys for All Defendants
                              926 Reckson Plaza
                              Uniondale, New York  11556-0926
                              (516) 357-3000

3

TO:     DLA PIPER US LLP
        Caryn G. Schechtman
        Peter D. Sharp
        Kaanji Irby
        Attorneys for Plaintiff(s)
        1251 Avenue of the Americas
        New York, New York 10020
        (212) 335-4500

2122294 v1

4

.

# EXHIBIT "A"

02-01-2008  10:13AM  FROM-RITMAN ASSOCIATES          3177703011           T-379  P.002/012  F-700

For Irwin   ~~Please~~

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x

ANDREW BARRON WORDEN and BARRON          Index No. *101789/2008*
PARTNERS LP,
                                          Date Purchased: *1/30/2008*
                        Plaintiffs,
                                          Plaintiff designates NEW YORK
         -against-                        COUNTY as the place of trial.

                                          **SUMMONS**
RICHARD N. BELL, COHEN & MALAD, LLP,
and DOES 1-5,                             Venue is based upon the
                                          residence of Plaintiffs.
                        Defendants.
-------------------------------------------------------------x

To the above-named defendants:

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on plaintiff's attorneys within twenty (20) days after the service of this summons,
exclusive of the day of service (or within thirty (30) days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in the case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: New York, New York
       January 30, 2008

                              DLA PIPER US LLP

                              By: _____
                                  Caryn G. Schechtman
                              Peter D. Sharp
                              Kaanji Irby
                              1251 Avenue of the Americas
                              New York, New York 10020
                              (212) 335-4500

                              *Attorneys for Plaintiffs Andrew Barron Worden and
                              Barron Partners LP*

NEW YORK COUNTY CLERK'S OFFICE
JAN 30 2008
NOT COMPARED WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
ANDREW BARRON WORDEN and BARRON                    Index No.
PARTNERS LP,

                              Plaintiffs,

              -against-                             **COMPLAINT**

RICHARD N. BELL, COHEN & MALAD, LLP,
and DOES 1-5,

                              Defendants.
-------------------------------------------------------------x

        Plaintiffs Andrew Barron Worden ("Mr. Worden") and Barron Partners LP ("Barron

Partners"), by and through their attorneys, DLA Piper US LLP, hereby complain and allege as

follows against Defendants Richard N. Bell ("Bell"), Cohen & Malad, LLP ("Cohen & Malad")

and Does 1-5.

## THE PARTIES

        1.      Plaintiff Barron Partners was and still is a limited partnership duly organized and

existing under the laws of Delaware, with its principal place of business at 730 Fifth Avenue,

25th Floor, New York, NY 10019.

        2.      Plaintiff Mr. Worden is a resident of the County of New York and State of New

York. At all relevant times, Mr. Worden was and still is the managing member of the general

partner of Barron Partners.

        3.      Plaintiffs Barron Partners and Mr. Worden are informed and believe, and thereon

allege, that Defendant Cohen & Malad was and still is a limited liability partnership organized

and existing under the laws of Indiana, with a principal place of business at One Indiana Square,

02/06/2008 07:51 AM
02-01-2008   10:14AM   FROM-RITMAN ASSOCIATES          3177703011       T-379   P.004/012   F-700

Suite 1400, Indianapolis, Indiana 46204.  At all relevant times, Cohen & Malad was and still is engaged in the practice of law and has represented parties in actions pending in courts located in the State of New York.

4.    Plaintiffs Barron Partners and Mr. Worden are informed and believe and thereon allege that Defendant Bell is a citizen and resident of Indiana.  Plaintiffs Barron Partners and Mr. Worden are informed and believe, and thereon allege, that Defendant Bell was and still is an attorney admitted to practice law in the State of Indiana and a partner in Cohen & Malad.

5.    Plaintiffs Barron Partners and Mr. Worden are informed and believe and thereon allege that Defendant Does 1-5 are individuals of unknown residence who, acting as employees, agents or otherwise at the direction of or in concert with Defendants Bell and Cohen & Malad, participated in publication of the defamatory statements complained of herein.

## VENUE AND JURISDICTION

6.    Venue in the County of New York rests on the residence of Plaintiffs.

7.    Jurisdiction rests on personal service in the State of New York.

8.    The amount of damages sought exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.    At all relevant times, Plaintiff Barron Partners was and still is a private investment fund specializing in micro-cap companies.  Barron Partners has conducted the business of a private investment fund for approximately five years and, prior to the utterance of the false and defamatory words alleged in this complaint, enjoyed an excellent reputation among the financial services community as an honest, ethical and superior investment fund and investor.

2

10.    Plaintiff Mr. Worden was and still is the managing member of the general partner of Barron Partners. Mr. Worden has over 20 years of experience founding, managing, planning, analyzing and/or investing with public and private companies. Prior to the utterance of the false and defamatory words alleged in this complaint, Mr. Worden enjoyed an excellent reputation among the financial services community for honest, ethical and superior service in managing investments funds. This reputation was particularly hard earned because as a result of activities that occurred in the late 1980s, Mr. Worden entered into a settlement with the SEC, pleaded guilty to one count of mail fraud, and was sentenced to two years of probation and 200 hours of community service. Mr. Worden expended substantial efforts rebuilding his reputation after this.

11.    Defendants Bell and Cohen & Malad currently represent various individuals and entities in a litigation styled Richard F. Thompson, et al v. Anthony D. Altavilla, et al, Cause No. 29C01-0603-PL199, pending in the Hamilton County Circuit Court for the State of Indiana. The complaint in that action names numerous individuals and entities, among them Barron Partners and Mr. Worden, as defendants and alleges securities fraud. Barron Partners and Mr. Worden deny the allegations against them, which they believe to be factually and legally baseless, and are vigorously defending the action.

12.    In approximately July 2007, Defendants Bell and Cohen & Malad commenced a campaign maliciously to defame and injure Plaintiffs Barron Partners and Mr. Worden. Under the guise of an "investigation" of Barron Partners, Defendants Bell and Cohen & Malad sent e-mails to at least seven investors and business associates of Barron Partners and Mr. Worden stating as follows:

> I am doing an investigation of Barron Partners, LP for my clients.
> I wish to speak to you about Barron Partners, LP. At you [sic]
> convenience I would like to speak to you, please contact me at my
> email or call me at (317) 636-6481. Thank you.

3

02/06/2008 07:51 AM
02-01-2008   10:15AM    FROM-RITMAN ASSOCIATES                    3177703011              T-379   P.006/012   F-700

Richard N. Bell
Cohen & Malad, LLP
One Indiana Square
Suite 400
Indianapolis, Indiana 46204
(317) 636-6481 (DD)
(317) 636-2593 (fax)
www.cohenandmalad.com

13.    Following the e-mails, Defendant Bell spoke with at least one investor and one business associate of Barron Partners. During these calls, as specifically set forth below, Bell maliciously uttered false and defamatory words with the intent to injure Barron Partners and Mr. Worden's good name, reputation and standing. Upon information and belief, Bell, Cohen & Malad, and Does 1-5 maliciously repeated similar false and defamatory words to a presently unknown number of other investors / business associates of Plaintiffs in an effort to maximize the injury caused by their intentional campaign of defamation.

### FIRST CAUSE OF ACTION

14.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 13, inclusive, and incorporates the same herein as though set forth in full.

15.    On July 24, 2007, Karl Birkenfeld received an e-mail from Bell and Cohen & Malad bearing the subject line: "investigation of Barron Partners, LP" and containing the text set forth above in Paragraph 11. Mr. Birkenfeld is a registered representative of West Cap Securities, a securities broker-dealer and investment banking firm. Mr. Birkenfeld has provided brokerage and investment banking services to Barron Partners, and his primary contact at Barron Partners is Mr. Worden.

16.    On July 24, 2007, Mr. Birkenfeld called Bell to inquire regarding the nature of the "investigation." During the telephone conversation, Bell stated that he was investigating Mr.

4

Worden for unidentified clients, but did not reveal that he was plaintiffs' counsel in a pending lawsuit. Rather, Bell advised Mr. Birkenfeld to "watch out" for Mr. Worden because he "had done hard time."

17.    These words were false and defamatory and Bell and Cohen & Malad knew that they were false when Bell spoke them. Mr. Worden has never spent time in prison.

18.    These words constitute slander *per se* in that they (a) maliciously and falsely accuse Mr. Worden of receiving and serving a prison sentence and (b) maliciously and falsely attack Mr. Worden's fitness to conduct his chosen profession and business.

19.    These words were spoken willfully, maliciously and in wanton and reckless disregard of the truth and veracity of the same, and with the intent to injure Barron Partners and Mr. Worden's good name, reputation and standing.

20.    As a result of Defendants' false and defamatory words, Plaintiffs Barron Partners and Mr. Worden have been injured in good name and reputation and have lost business and income, and thereby suffered damages, all to their damage, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

21.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 20, inclusive, and incorporates the same herein as though set forth in full.

22.    On August 9, 2007, Jim Jensen received an e-mail from Bell and Cohen & Malad bearing the subject line: "investigation of Barron Partners, LP" and containing the text set forth above in Paragraph 11. Mr. Jensen is an investor in Barron Partners.

23.    On August 16, 2007, Mr. Jensen called Bell to inquire regarding the nature of the "investigation." During the telephone conversation, Bell maliciously spoke the following false

and defamatory words: "Are you aware that Barron sold stock in World Health Alternatives illegally."

    24.    These words were false and defamatory and Bell and Cohen & Malad knew that they were false when Bell spoke them.

    25.    These words were maliciously spoken as if they were fact, and Bell and Cohen & Malad made no disclosure that they reflected unproven allegations in a pending lawsuit brought on behalf of their clients.

    26.    These words constitute slander *per se* in that they (a) maliciously and falsely accuse Barron Partners and Mr. Worden of criminal conduct and (b) maliciously and falsely attack Barron Partners and Mr. Worden's fitness to conduct their chosen profession and business.

    27.    These words were spoken willfully, maliciously and in wanton and reckless disregard of the truth and veracity of the same, and with the intent to injure Barron Partners and Mr. Worden's good name, reputation and standing.

    28.    As a result of Defendants' false and defamatory words, Plaintiffs Barron Partners and Mr. Worden have been injured in good name and reputation and have lost business and income, and thereby suffered damages, all to their damage, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

    29.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 28, inclusive, and incorporates the same herein as though set forth in full.

    30.    During the August 16, 2007 telephone conversation between Mr. Jensen and Bell set forth in Paragraph 22, Bell maliciously spoke the following false and defamatory words regarding stock in World Health Alternatives: "Barron traded the stock with insider information."

6

31.    These words were false and defamatory and Bell and Cohen & Malad knew that they were false when Bell spoke them.

32.    These words were maliciously spoken as if they were fact, and Bell and Cohen & Malad made no disclosure that they constituted unproven allegations in a pending lawsuit brought on behalf of their clients.

33.    These words constitute slander *per se* in that they (a) maliciously and falsely accuse Barron Partners and Mr. Worden of criminal conduct and (b) maliciously and falsely attack Barron Partners and Mr. Worden's fitness to conduct their chosen profession and business.

34.    These words were spoken willfully, maliciously and in wanton and reckless disregard of the truth and veracity of the same, and with the intent to injure Barron Partners and Mr. Worden's good name, reputation and standing.

35.    As a result of Defendants' false and defamatory words, Plaintiffs Barron Partners and Mr. Worden have been injured in good name and reputation and have lost business and income, and thereby suffered damages, all to their damage, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

36.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 35, inclusive, and incorporates the same herein as though set forth in full.

37.    During the August 16, 2007 telephone conversation between Mr. Jensen and Bell set forth in Paragraph 22, Bell maliciously spoke the following false and defamatory words regarding stock in World Health Alternatives: "Barron pumped and dumped the stock."

38.    These words were false and defamatory and Bell and Cohen & Malad knew that they were false when Bell spoke them.

7

39.     These words were maliciously spoken as if they were fact, and Bell and Cohen &
Malad made no disclosure that they constituted unproven allegations in a pending lawsuit
brought on behalf of their clients.

40.     These words constitute slander *per se* in that they (a) maliciously and falsely
accuse Barron Partners and Mr. Worden of criminal conduct and (b) maliciously and falsely
attack Barron Partners and Mr. Worden's fitness to conduct their chosen profession and business.

41.     These words were spoken willfully, maliciously and in wanton and reckless
disregard of the truth and veracity of the same, and with the intent to injure Barron Partners and
Mr. Worden's good name, reputation and standing.

42.     As a result of Defendants' false and defamatory words, Plaintiffs Barron Partners
and Mr. Worden have been injured in good name and reputation and have lost business and
income, and thereby suffered damages, all to their damage, in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs Barron Partners and Mr. Worden demand judgment against
Defendants Bell and Cohen & Malad as follows:

(a)     With regard to the first cause of action, Plaintiffs demand an award of
money damages in an amount to be proven at trial, plus exemplary and punitive damages as the
court and/or the jury may determine;

(b)     With regard to the second cause of action, Plaintiffs demand an award of
money damages in an amount to be proven at trial, plus exemplary and punitive damages as the
court and/or the jury may determine;

8

    (c)      With regard to the third cause of action, Plaintiffs demand an award of money damages in an amount to be proven at trial, plus exemplary and punitive damages as the court and/or the jury may determine;

    (d)      With regard to the fourth cause of action, Plaintiffs demand an award of money damages in an amount to be proven at trial, plus exemplary and punitive damages as the court and/or the jury may determine;

    (e)      Together with the costs and disbursements of this action; and

    (f)      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

02/06/2008 07:51 AM
02-01-2008   10:16AM   FROM-RITMAN ASSOCIATES                3177703011          T-379   P.012/012   F-700

Dated:  New York, New York
        January 30, 2008       .

                                    DLA PIPER US LLP

                                    By:_____
                                            Caryn G. Schechtman
                                    Peter D. Sharp .
                                    Kaanji Irby
                                    1251 Avenue of the Americas
                                    New York, New York 10020
                                    (212) 335-4500

                                    *Attorneys for Plaintiffs Andrew Barron Worden and
                                    Barron Partners LP*  .

EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

ANDREW BARRON WORDEN and BARRON
PARTNERS LP,

Index No. 101789/2008

                  Plaintiffs,

**STIPULATION EXTENDING
TIME TO RESPOND TO
COMPLAINT**

          -against-

RICHARD N. BELL, COHEN & MALAD LLP,
And DOES 1-5,

                  Defendants.

-------------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED by and between the undersigned

attorneys for the parties indicated below, that the time for the defendants, RICHARD N. BELL

and COHEN & MALAD LLP, to respond to the complaint in the above-entitled action is

extended up to and including March 19, 2008

Dated:      Uniondale, New York
               February 11, 2008

RIVKIN RADLER LLP

BY: Shari Claire Lewis, Esq.
Attorney(s) for Defendants, Richard N. Bell,
and Cohen & Malad, LLP
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000

DLA PIPER US LLP

BY: Caryn G. Schectman, Esq.
Attorney(s) for Plaintiffs, Andrew Barron
Worden and Barron Partners LP
1251 Avenue of the Americas
New York, New York 10020
(212) 335 - 4500

*Index No.*                              *Year*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW BARRON WORDEN and BARRAN PARTNERS LP,

                                                          Plaintiff(s),

                              -against-

RICHARD N. BELL, COHEN & MALAD LLP, And DOES 1-5,

                                                          Defendant(s).

## NOTICE OF REMOVAL

RIVKIN RADLER LLP

*Attorneys for*

Attorney for Defendants
926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000

FILE# 0001680-00002      /

*To:*

*Attorney(s) for*

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*

...............................................................................

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ *that the within is a (certified) true copy of a*
NOTICE OF *entered in the office of the clerk of the within named Court on*                              *20*
ENTRY

☐ *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF                                        *one of the judges of the within named Court,*
SETTLEMENT *at*

    *on*                              *20*    *, at*        *M.*

*Dated:*

RIVKIN RADLER LLP

*Attorneys for*

926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926

*To:*

Check Applicable Box